UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
REGINAL LEE DAVIS,                  :
                                    :
      Petitioner,              :     Civ. No. 19-9083 (NLH)
                                    :
  v.                                :     MEMORANDUM AND ORDER
                                    :
THE ATTORNEY GENERAL OF THE         :
STATE OF NEW JERSEY, et al.,        :
                                    :
      Respondents.            :
_____:

IT APPEARING THAT:

1. Petitioner is an inmate currently confined at the Camden County Correctional Facility in Camden, New Jersey, and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

2. Petitioner did not utilize the Court's required form for petitions brought pursuant to 28 U.S.C. § 2254.[1] In addition, Petitioner has also failed to sign the Petition under penalty of perjury as required[2] or include a signed certification pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), which

---

[1] Local Civil Rule 81.2 provides:
> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

Loc. Civ. R. 81.2(a).

[2] Rule 2(c)(5) of the Rules Governing Section 2254 Cases requires that the petition be signed under penalty of perjury by the petitioner.

requires him to acknowledge that he must include all the grounds for relief from the conviction or sentence in this Petition and if he fails to set forth all the grounds, he may be barred from presenting additional grounds at a later date.

    3. Petitioner must file an amended petition on the correct form that is signed under penalty of perjury as required and also includes the signed certification on page 17 of the habeas form.

    IT IS THEREFORE on this __17th__ day of October, 2019,

    ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), for use by Petitioner; and it is further

    ORDERED this matter shall be ADMINISTRATIVELY TERMINATED[3]; and it is further

---

[3] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs ….").

ORDERED that, if Petitioner wishes to re-open this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to Clerk of the Court, at Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101; Petitioner's writing shall include an amended petition on the correct form which is signed under penalty of perjury as required and includes a completed page 17 certifying that the amended petition must include all claims; after receipt of any such notification from Petitioner, the Clerk of Court shall REOPEN this matter; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

At Camden, New Jersey
                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.