UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
REGINAL LEE DAVIS,                 1:19-cv-9083 (NLH)

          Petitioner,              MEMORANDUM OPINION & ORDER

     v.

WARDEN CAMDEN COUNTY
CORRECTIONAL FACILITY,

          Respondent.
```

**APPEARANCES**:

Reginal Lee Davis
400004618/157254B
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

    Petitioner pro se

**HILLMAN, District Judge**

    WHEREAS, Petitioner Reginal Lee Davis is proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, see ECF No. 16; and

    WHEREAS, Habeas Rule 4 requires the assigned judge to sua sponte dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances, 28 U.S.C. § 2254 Rule 4; and

    WHEREAS, Habeas Rule 2 requires the petition to "specify all the grounds for relief available to the petitioner" and to

"state the facts supporting each ground," see 28 U.S.C. § 2254 Rule 2(c); and

WHEREAS, in Ground One of his amended petition, Petitioner writes: "Legal name, legal maxins, title territories, ordinances, regulations treaties, customs, inheritance, inventions, monopoly, bank global wide business seisin, treasuries ambassador marriages ports emancipate diplomatic immunities."  ECF No. 16 at 6.  In the supporting facts section, Petitioner writes: "Birth certificate, declaration of the rights of indigenous people my case was being heard in Philadelphia via: Patrick Dugan Warrant No. CP-51-CR-0005687-2016, MC-51-CR-0015189-2016 See Bench Warrant, MC-51-002862-2015 Kidnapped 4-20-2017 via: Internal Affairs of C.C.C.F Denied Interstate Agreement on Detainers."  Id.; and

WHEREAS, Petitioner's other submissions in support of his amended petition are incomprehensible, consisting "of jargon, stirred into a pot of vitriol, to yield an abysmal stew of unknowable contents."  Britton v. City of Atl., No. 17-1986, 2018 WL 1837803, at *3 (D.N.J. Apr. 18, 2018).  Petitioner seems more concerned with creating acrostic paragraphs than with stating his legal arguments.  See, e.g., ECF No. 16 at 15 (spelling out "midsets", "fraud", and "f-ck YOU!"); id. at 24 (spelling out "Smartass" "Facts", "Dates", "Caged", and "Jails"); and

WHEREAS, "[t]he law does not require, nor does justice demand, that a judge must grope though . . . irrational, prolix and redundant pleadings, containing matters foreign to the issue involved in a proceeding for a writ of habeas corpus, in order to determine the grounds of petitioner's complaint." Passic v. State, 98 F. Supp. 1015, 1016-17 (E.D. Mich. 1951).  The habeas rules require Petitioner to clearly state his arguments to the Court in the manner set forth on the Clerk's form, see generally 28 U.S.C. § 2254 Rule 2; and

WHEREAS, the Court will instruct the Clerk to send Petitioner a new habeas form.  Petitioner must fill out the form with all of the claims he wishes the Court to consider.  Each claim is to be listed out individually along with its supporting facts.  The Court urges Petitioner to state the claims he wants the Court to review in a short, plain matter without resorting to "pointless rhetoric, senselessly-picked Latin terms, irrelevant constitutional excerpts, etc." El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 557 (D.N.J. 2011),

THEREFORE, IT IS on this ___19th___ day of June, 2020

ORDERED that the amended petition for writ of habeas corpus shall be administratively terminated as deficient under 28 U.S.C. § 2254 Rule 2; and is further

ORDERED that Petitioner may, within 45 days of the date of this order, file a second amended § 2254 petition on the form

3

provided by the Clerk.  The second amended petition must comply with the rules governing habeas corpus pleadings, specifically by clearly listing out each claim individually along with its supporting facts; and it is further

    ORDERED that the Clerk shall send Petitioner a blank § 2254 form, AO 241 (modified):DNJ-Habeas-008(Rev. 01-2014); and it is finally

    ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail and administratively terminate this case.  The Clerk shall reopen this matter upon receipt of the second amended petition.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman <br> NOEL L. HILLMAN, U.S.D.J. |