```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
REGINAL LEE DAVIS,                  :
                                    :
        Petitioner,                 :    Civ. No. 19-9083 (NLH)
                                    :
    v.                              :    OPINION
                                    :
WARDEN CAMDEN COUNTY                :
CORRECTIONAL FACILITY, et al.,      :
                                    :
        Respondents.                :
_____ :

APPEARANCE:

Reginal Lee Davis
108 N. 35th Street
Camden, NJ 08105

   *Petitioner Pro se*

HILLMAN, District Judge

   Petitioner Reginal Lee Davis submitted an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 on May 11, 2020. ECF No. 16. On June 19, 2020, the Court dismissed the amended petition under Habeas Rule 2 as it was "incomprehensible." ECF No. 20. The Court gave Petitioner 45 days to submit a second amended petition that clearly stated his claims for relief. Id. Petitioner submitted his second amended petition and the Court has reopened the matter for review.

For the reasons that follow, the Court will dismiss the second amended petition.  No certificate of appealability shall issue.

I.  BACKGROUND

On March 29, 2019, Petitioner filed a § 2254 petition in the United States Court of Appeals for the Third Circuit.  <u>Davis v. Warden Camden County Correctional Facility</u>, No. 19-1645 (3d Cir. filed Mar. 29, 2019).  The Third Circuit transferred the petition to this Court for consideration.  ECF No. 1.  The Court administratively terminated the petition as Petitioner had not paid the filing fee or submitted an <u>in forma pauperis</u> application.  ECF No. 3.  Petitioner submitted an <u>in forma pauperis</u> application, ECF No. 5, which the Court granted and reopened the case, ECF No. 7.

The Court administratively terminated the petition again on October 17, 2019 as Petitioner had not signed the § 2254 petition under penalty of perjury or signed the <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000) notification.  ECF No. 10.  Petitioner submitted a response on the form for civil rights complaints, ECF No. 11, and an appeal of the Court's April 3, 2019 Order, ECF No. 12.  The Third Circuit dismissed the appeal for lack of appellate jurisdiction.  ECF No. 14.  The Court reopened the matter, reviewed the filing, and administratively terminated the petition again based on Petitioner's failure to

comply with the October 17, 2019 Order.  ECF No. 15.  Petitioner submitted his amended petition on May 11, 2020, and the Court reopened the case for review.  ECF No. 16.

The Court reviewed the amended petition on June 19, 2020.  ECF No. 20.  It administratively terminated the amended petition because Petitioner did not "specify all the grounds for relief available to the petitioner" or "state the facts supporting each ground."  ECF No. 20 (citing 28 U.S.C. § 2254 Rule 2(c)).  "Petitioner's other submissions in support of his amended petition are incomprehensible, consisting of jargon, stirred into a pot of vitriol, to yield an abysmal stew of unknowable contents."  Id. (internal quotation marks omitted).  The Court instructed the Clerk to send Petitioner a new habeas form and permitted Petitioner to submit a second amended petition.  "Petitioner must fill out the form with all of the claims he wishes the Court to consider.  Each claim is to be listed out individually along with its supporting facts.  The Court urges Petitioner to state the claims he wants the Court to review in a short, plain matter without resorting to pointless rhetoric, senselessly-picked Latin terms, irrelevant constitutional excerpts, etc."  Id. at 3 (internal quotation marks omitted).

Petitioner submitted his second amended petition on September 14, 2020.  ECF No. 23.

3

II. STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." 28 U.S.C. § 2254 Rule 4.

III. DISCUSSION

As with Petitioner's first amended petition, the second amended petition is truly unintelligible. Petitioner states he is seeking review of Burlington County convictions from December 9, 2016 and December 13, 2013 for assault, trespassing, and

4

terroristic threats. ECF No. 23 at 2. He states "my plea was under duress, the prosecutor threatened to recharge me for the same offense, as Edward J. McBride did in 2015." Id. at 3. However, Petitioner provides no other information about the allegedly coerced plea or any facts from which the Court could conclude that Petitioner may be entitled to habeas relief.[1] A guilty plea is not "coerced" whenever it is "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." Brady v. United States, 397 U.S. 742, 751 (1970).

Additionally, Petitioner writes in Ground One: "Legal name, legal maxims, title, territories, ordinances, regulations treaties, customs, inheritance, inventions, monopoly, bank global wide business seisin, treasuries ambassador marriages ports emancipate diplomatic immunities." ECF No. 23 at 6. In the supporting facts section, Petitioner writes: "Birth certificate, declaration of the rights of indigenous people my case was being heard in Philadelphia via: Patrick Dugan Warrant No. CP-51-CR-0005687-2016, MC-51-CR-0015189-2016 See: Bench Warrant, MC-51-002862-2015 Kidnapped 4-20-2017 via: Internal

---

[1] Additionally, any challenge to a 2013 conviction would likely be time barred.

5


Affairs of C.C.C.F Denied Interstate Agreement on Detainers." Id. This is the same "claim" the Court held was deficient under Rule 2 in its prior Opinion and Order. See ECF No. 20 at 2. In response to the question "Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them," Petitioner writes "I've argued every case and cause imaginable, your laws are confusing to and independent sovereign laws indentured Europeans Spaniards African Americans et al." ECF No. 23 at 13.

"The law does not require, nor does justice demand, that a judge must grope though . . . irrational, prolix and redundant pleadings, containing matters foreign to the issue involved in a proceeding for a writ of habeas corpus, in order to determine the grounds of petitioner's complaint." Passic v. State, 98 F. Supp. 1015, 1016–17 (E.D. Mich. 1951). The Court has given Petitioner several opportunities to present his claims to the Court in a clear, concise manner as required by the Rules Governing Section 2254 Proceedings. Instead, he continues to repeat nonsense and submit irrelevant filings. The Court will dismiss the second amended petition. 28 U.S.C. § 2254 Rule 4.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C.

§ 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition is correct.

IV. CONCLUSION

The Court will dismiss the second amended § 2254 petition. No certificate of appealability shall issue.

An appropriate order will be entered.


Dated: March 20, 2023          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.