IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KING REGINAL LEE DAVIS,<br><br>Plaintiff<br><br>v.<br><br>KURT KRAMER, et al.,<br><br>Defendants | Civ. No. 24-9951 (RMB-EAP)<br><br>MEMORANDUM AND ORDER APPLIES TO ALL ACTIONS |
| REGINAL LEE DAVIS,<br><br>Petitioner<br><br>v.<br><br>WARDEN CAMDEN COUNTY CORRECTIONAL FACILITY, et al.,<br><br>Respondents | Civ. No. 19-9083 (ESK) |

1

| | |
|---|---|
| **REGINAL LEE DAVIS,** <br><br> Plaintiff <br><br> v. <br><br> **CHRISTOPHER WRAY, et al.,** <br><br> Defendants | Civ. No. 22-3297 (GC-LHG) |
| **REGINAL LEE DAVIS,** <br><br> Plaintiff <br><br> v. <br><br> **JEANNE T. COVERT, et al.,** <br><br> Defendants | Civ. No. 23-2803 (KMW-MJS) |
| **REGINAL LEE DAVIS,** <br><br> Plaintiff <br><br> v. <br><br> **KEEFE COMMISSARY NETWORK, et al.,** <br><br> Defendants | Civ. No. 24-4755 (RMB-SAK) |

2

| | |
|---|---|
| **REGINAL LEE DAVIS,**<br><br>    **Plaintiff**<br><br>    v.<br><br>**WASHINGTON D.C. COMMONWEALTHS, et al.,**<br><br>    Defendants | **Civ. No. 24-4758 (CPO-MJS)** |
| **REGINAL LEE DAVIS,**<br><br>    **Plaintiff**<br><br>    v.<br><br>**CFG HEALTH SYSTEM,**<br><br>    Defendant | **Civ. No. 24-5232 (CPO-MJS)** |
| **REGINAL LEE DAVIS,**<br><br>    **Plaintiff**<br><br>    v.<br><br>**BETTY LUE JACKSON, et al.,**<br><br>    Defendants | **Civ. No. 24-8473 (KMW-MJS)** |

| | |
|---|---|
| **REGINAL LEE DAVIS,** | Civ. No. 24-8510 (RMB) |
| **Petitioner** | |
| v. | |
| **THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,** | |
| **Respondents** | |
| **REGINAL LEE DAVIS,** | Civ. No. 24-8921 (GC-TJB) |
| **Plaintiff** | |
| v. | |
| **KAMALA HARRIS, et al.,** | |
| **Defendants** | |

4

| | |
|---|---|
| **REGINAL LEE DAVIS,**<br><br>Plaintiff<br><br>v.<br><br>**WASHINGTON DC COMMONWEALTHS, et al.,**<br><br>Defendants | Civ. No. 24-8981 (RMB-EAP) |
| **REGINAL LEE DAVIS,**<br><br>Plaintiff<br><br>v.<br><br>**WARDEN LEITH,**<br><br>Defendant | Civ. No. 24-9589 (RK-JBD) |

**IT APPEARING THAT:**

1. On or about April 2024, Pro Se Plaintiff Reginal Lee Davis ("Davis"), a pretrial detainee in Burlington County Jail, submitted a series of new filings in the District of New Jersey, which were primarily designated as civil rights actions. Davis's complaints are generally incomprehensible. He brings claims against defendants such as "Nations Isles Colonies Et," "Indians Dees States," and "Washington D.C. Commonwealths" but Plaintiff also names as defendants individuals or entities who appear connected to his confinement in Burlington County

5

Jail, such as Warden Leith, Keefe Commissary Network and CFG Health System. These cases have been randomly assigned to District Judges throughout the District of New Jersey.

2. In many cases, Davis has not paid the filing fee or submitted a properly completed IFP application, and his cases have not proceeded.[1] In few instances, Davis has obtained IFP status, but he has not submitted a complaint or habeas petition that has proceeded beyond screening under 28 U.S.C. § 1915(e)(2)(B) or Habeas Rule 4.[2] This Court has reviewed all outstanding operative pleadings/submissions in these actions and none comply with the Rule 8(a) pleading standard to state a short and plain statement of the claim showing the pleader is entitled to relief.

3. This Court finds it is in the interests of justice and judicial economy to consolidate these cases, for all purposes, pursuant to Federal Rule of Civil Procedure 42(a). Despite the pleading deficiencies, the Court believes Plaintiff is attempting to

---

[1] Plaintiff has not paid the filing fee nor has he submitted a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) in Civil Action Nos. *Davis v. Kramer, et al.*, 24-9951(RMB-EAP); *Davis v. Covert, et al.*, 23-2803 (KMW-MJS); *Davis v. Washington D.C. Commonwealths, et al.*, 24-4758 (CPO-MJS); *Davis v. CFG Health System*, 24-5232(CPO-MJS); *Davis v. Jackson, et al.*, 24-8473 (KMW-MJS); *Davis v. The Attorney General of the State of New Jersey, et al.*, 24-8510 (RMB) (2254 habeas petition); *Davis v. Harris, et al.*, 24-8921 (GC-TJB); *Davis v. Washington DC Commonwealths, et al.*, 24-8981(RMB-EAP); *Davis v. Leith, et al.*, 24-9589 (RK-JBD).

[2] *See Davis v. Warden Camden County Correctional Facility et al.*, 19-8083 (ESK) (2254 habeas petition); *Davis v. Wray et al.*, 22-3297 (GC-LHG); *Davis v. Keefe Commissary Network et al.*, 24-4755 (RMB-SAK).

assert common questions of law or fact concerning his pretrial confinement in his many recent filings. If it is later determined that Plaintiff is not asserting common questions of law or fact, the Court will vacate the consolidation order or take other appropriate action. The cases shall be consolidated under *Davis v. Kramer, et al,* Civ. Action No. 24-9951(RMB-EAP), which this Court designates as the master case.

3. Plaintiff qualifies for appointment of pro bono counsel because he has shown his inability to communicate his claims under the "short and plain statement for relief" standard of Federal Rule of Civil Procedure 8(a), and it appears Plaintiff may have potential claims regarding his confinement in Burlington County Jail. *See Montgomery v. Pinchak,* 294 F.3d 492 (3d Cir. 2002) (filings in the record suggested the inmate's ability to present his own case was doubtful, and this factor favored appointment of pro bono counsel).

4. Pro bono counsel's appointment is limited to filing an amended civil rights complaint and/or habeas petition, but only if warranted under Federal Rule of Civil Procedure 11(b). These consolidated actions will be stayed[3] until pro bono counsel is appointed.

**IT IS** therefore on this **8th day of November 2024**,

---

[3] "[A] district court may stay proceedings 'i]n the exercise of its sound discretion.'" *Young v. Martin*, 801 F.3d 172, 183 (3d Cir. 2015) (quoting *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)).

**ORDERED** that the above-named actions are consolidated under master case, Civil Action No. 24-9951 (RMB-EAP), for all purposes pursuant to Federal Rule of Civil Procedure 42(a); the master case shall be captioned "*In Re Reginal Lee Davis*"; and it is further

**ORDERED** that the Court will request and appoint pro bono counsel in this consolidated matter pursuant 28 U.S.C. § 1915(e)(1), representation will be limited to assessing Plaintiff's claims and filing an amended civil rights complaint and/or habeas petition, only if warranted under Federal Rule of Civil Procedure 11(b); and it is further

**ORDERED** that upon appointment of pro bono counsel, counsel shall enter an appearance in the master case and file a status update within 30 days (if counsel determines that there is no good faith basis to file an amended complaint/petition, counsel shall so advise); and it is further

**ORDERED** that this consolidated action is stayed pending appointment of pro bono counsel; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Plaintiff at his last reported address in the master case; and the Clerk shall file this Order in the master case and each of the consolidated cases.

                           s/Renée Marie Bumb
                           **RENÉE MARIE BUMB**
                           **CHIEF UNITED STATES DISTRICT JUDGE**